# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATROCINA A. RAMSEY,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS NEW WORLD LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 1:19-cv-00405-DAD-SAB<br><br>ORDER RE INFORMAL DISCOVERY DISPUTE<br><br>(ECF No. 17) |

On February 26, 2020, the parties filed a joint informal discovery dispute letter brief. (ECF No. 17.) An informal teleconference was held on February 27, 2020 to address the dispute. Counsel James Wilkins appeared for Plaintiff and counsel Royal Oakes and Michael Newman appeared for Defendant. The dispute involves the language to be used in the parties stipulated protective order regarding the procedure to be followed should a party seek to file a document under seal.

Rule 141 of the Local Rules of the Eastern District of California governs the sealing of documents. Plaintiff's concern is that the rule provides that, unless ordered otherwise, if a request to seal is denied in full or in part, the Clerk will return to the submitting party the documents for which sealing has been denied. L.R. 141(e)(1). Plaintiff contends that under the language proposed by Defendant, a motion could be decided without the documents being

considered if a request to seal is denied.

Defendant proposes the following language for the protective order.

> Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with the applicable Local Rule. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

(ECF No. 17 at 2.) This language is consistent with what the Court has found to be the general practice in this district. Further, this encourages the parties to cooperate in preparing a request to seal and does not impose any undue burden on the party seeking to submit documents in support of their moving papers.

Plaintiff proposes the following procedure to be used should a party seek to file a document under seal in support of a motion or opposition.

> Farmers will designate any documents it deems to be "confidential" under the terms of this stipulated protective order. Any time after production of the documents identified by Farmers as "confidential," Plaintiff's counsel may identify the documents, specifically by bates number, that counsel intends to use in support of, or in opposition to, any anticipated motion that may need to be sealed. Upon receipt of the specifically identified documents by bates numbers, Farmers will be responsible for filing a request for sealing in accordance with Eastern District of California Local Rule 141 regarding the specifically identified documents by Plaintiffs counsel. Should the Court grant the request to seal the documents, Plaintiffs counsel will file any documents under seal as consistent with the Court's Order. Should the Court deny Farmers' request to request seal documents, Plaintiff's counsel may file the documents in connection with any motion or opposition. If Farmers fails to timely seek and obtain an order allowing for the sealing of said documents, Plaintiff may file a documents without them being sealed.

(ECF No. 17 at 2.)

Plaintiff seeks to have the request to seal adjudicated prior to the filing of the motion or opposition and should it not be timely obtained the documents could be filed in the public record. However, this is not reasonable given the state of emergency that has been declared in this district. (See Standing Order is Light of Ongoing Judicial Emergency in the Eastern District of California, ECF No. 12.) If a motion is filed pursuant to the Local Rule, an opposition is due two weeks later. As set forth in Plaintiff's procedures, Defendant would be required to file and have adjudicated the motion to seal prior to the objection being due. Given the circumstances

1  that exist in this district it is highly unlikely that any motion to seal would be adjudicated prior to
2  the filing of an opposition.  Plaintiff could then, under the procedures proposed, file the
3  documents in the record impairing the defendant's ability to protect proprietary or confidential
4  documents.

    Plaintiff expresses concern that should a motion to seal be denied the court would decide the motion without considering the documents.  However, the Court notes that any party who is seeking to protect their documents has an incentive to participate in preparing the request to seal by articulating to the opposing party the reasons that the documents should be sealed if requested to do so.  If they do not participate then that party runs the risk that their documents become part of public record.  The procedure set forth by Defendants provides that the documents can be filed in the record should the court deny any motion to seal.  Although the Local Rule provides that the documents will be returned to the party, the request to seal can request that if denied the documents be filed in the record or that the party be granted leave to supplement the record with the documents.

    The Court finds that the procedures proposed by Defendant are consistent with general practice in this district, are sufficient to protect the confidentiality of the documents, and allow the opposing party to submit the documents in support of their moving papers.

IT IS SO ORDERED.

Dated:  **February 27, 2020**

_____
UNITED STATES MAGISTRATE JUDGE